BUDD, LTD., ET AL. *v.* UNITED STATES

**No. 6514.**—Invoice dated Walsall, England, June 1944, etc.
        Certified June 1944, etc.
        Entered at New York, N. Y., August 2, 1944, etc.
        Entry No. 702815, etc.

(Decided November 14, 1946)

*Jordan & Klingaman* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

ASCOT, LTD. (GLOBE SHIPPING CO., INC.) ET AL. *v.* UNITED STATES

**No. 6515.**—Invoices dated London, England January 1945, etc.
        Certified January 1945, etc.
        Entered at New York, N. Y., February 14, 1945, etc.
        Entry No. 721393, etc.

(Decided November 14, 1946)

*John D. Rode* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.